The opinion of the Court was afterwards delivered by
Parsons, C. J.
As the plaintiffs, in their declaration (4), admit Glover to be their agent in this transaction, they are bound by this admission ; and if they fail in this action, they cannot have recourse to him as the purchaser. If therefore he has any interest, he is called to testify against that interest. But in fact he has no interest ; for if the defendants should pay the money to him on his account, he would then be chargeable to the plaintiffs as for money received to their use. And if the money is not paid to him, the plaintiffs can have no action against him for the price of the goods.
There does not appear to be any weight in the second objection. The rule that a man shall not be permitted to invalidate his own endorsement, is confined to negotiable securities ; and in those cases he may, if not interested, testify to any facts excepting such as may prove the security void at the time of his endorsement (5). But if the rule extended to the endorsement of bills of lading, in the present case Glover was not called on to invalidate, but to explain his endorsement. Upon his explanation the title of the defendants to the goods remains unimpeached ; and as it does not appear that they have any cross demands against Glover, it must be immaterial to them, whether in the sale he acted as agent or as principal.
We are all satisfied that he was rightly admitted as a witness, and that judgment must be entered according to the verdict (6).

 One count in the declaration charged the goods as sold “ by the agency of Lewis Glover."

 [ Worcester vs. Eaton, 11 Mass. 368.—Loker vs. Haynes, 11 Mass. 498.—Hill vs. Payson, post, 559.—Bridge vs. Eggleston, 14 Mass. 245.—But quzere whether it te not most conformable to the rules of evidence to admit the witnesses in both cases. The distinction does not seem to be sound.—Ed.]

 [New York State Co. vs. Osgood, 11 Mass. 60.—Morland vs. Jefferson & Al., 2 Pick. 240.—Ed.]