TAYLOR (JUANDO v.). See Case No. 7,558.

TAYLOR (KILLINGLY v.). See Case No. 7,776.

TAYLOR (KIMBALL v.). See Case No. 7,775.

TAYLOR (LONGWORTH v.). See Cases Nos. 8,490 and 8,491.

---

## Case No. 13,796.

TAYLOR et al. v. LUTHER.

[2 Summ. 228.] [1]

Circuit Court, D. Rhode Island. June Term, 1835.

PLEADING IN EQUITY—PLEAS—GENERAL ANSWER —EVASION—STATUTE OF FRAUDS—WITNESS —COMPETENCY — INTEREST.

1. A general answer in chancery overrules the pleas.

[Cited in U. S. v. Parrott, Case No. 15,998.]

2. Where the plaintiff, in his bill in chancery, directly charged upon the defendant, that he had made and entered into a certain agreement, a simple denial by the defendant in his answer "according to his recollection and belief" is insufficient, and must be treated as a mere evasion.

[Cited in Miles v. Miles, 27 N. H. 447.]

3. There is nothing in the Statute of Frauds in Rhode Island (which is a copy of the English statute, 29 Car. II. c. 3, § 4), rendering parol evidence inadmissible, to show, that an absolute deed was intended as a mortgage. and that the defeasance has been omitted or destroyed by fraud or mistake, or omitted by design, upon mutual confidence between the parties.

[Cited in Jenkins v. Eldredge, Case No. 7,266; Bentley v. Phelps. Id. 1,331; Tufts v. Tufts, Id. 14,233; Wyman v. Babcock, Id. 18,113; Babcock v. Wyman, 19 How. (60 U. S.) 299; Tobey v. Leonard, Case No. 14,067; Alexander v. Rodriguez, Id. 172; Amory v. Lawrence. Id. 336; Peugh v. Davis, 96 U. S. 337; Brick v. Brick. 98 U. S. 516.]

[Cited in note in Hayworth v. Worthington, 5 Blackf. 362. Cited in brief in Scanlan v. Scanlan, 134 Ill. 636. 25 N. E. 652; McIntire v. Bowden, 61 Me. 158. Cited in Hinckley v. Hinckley, 79 Me. 323, 9 Atl. 897; Newton v. Fay, 92 Mass. (10 Allen) 510; Glass v. Hulbert, 102 Mass. 37; Campbell v. Dearborn, 109 Mass. 139; Stahl v. Dehn, 72 Mich. 646. 40 N. W. 922; Johnson v. Huston, 17 Mo. 61. Cited in brief in Hodges v. Tennessee M. & F. Ins. Co., 8 N. Y. 420. Cited in Westerly Sav. Bank v. Stillman Manuf'g Co., 16 R. I. 499. 17 Atl. 918; Nease v. Capehart, 8 W. Va. 127.]

4. The grantors, in deeds of release and quitclaim, are competent witnesses to show, that their estate was not absolute, but a mortgage, of which their grantees had notice at the time of the conveyance to them.

[Cited in Holbrook v. Worcester Bank, Case No. 6,597.]

5. Semble, that the grantor, as well as the grantee, if not otherwise interested, is a competent witness, to establish the original deed to be fraudulent.

6. There can be no proofs offered of matters not put in issue.

Bill in equity [by Richard Taylor and wife, against Martin Luther] to redeem premises asserted to be mortgaged, and for relief under the circumstances, there being no written declaration of a mortgage.

The bill alleged, that a certain conveyance of lands in Rhode Island originally made in October, 1821, by the plaintiffs in the right of the wife, to one Joseph Almey, and afterwards, in March, 1821, assigned by Almey,

by a release and quitclaim, to one Josiah Westcott, and afterwards in January, 1826, by a like release and quitclaim, assigned by Westcott to the defendant, Martin Luther, and afterwards in January, 1826, mortgaged by Luther to the Central Bank in Rhode Island, for the sum of $500, was made to Almey upon mortgage as security for a debt due to him; although the conveyance purported on its face to be absolute, upon a parol agreement between the parties; that the assignments thereof were successively made to Westcott and Luther, with full knowledge thereof; and that the latter, on receiving the assignment to him, agreed to execute a written defeasance to this effect; and that the mortgage to the Central Bank was made with the consent of the plaintiffs, to discharge the prior incumbrances. The prayer of the bill was to have a declaration, that Luther so held the premises in mortgage, and that the plaintiffs might be permitted to redeem the mortgage, or that Luther might be decreed to execute a written defeasance, so as to make the conveyance operate as a mortgage; and that the plaintiffs might have such other relief as the circumstances might require. No other person but Luther was made a party defendant to the bill. The defendant put in three several and distinct pleas in bar to the suit, and then put in a general answer. The matter of these pleas in effect, was, that the original conveyance to Almey was absolute, and without any defeasance or written condition; and, that, without such defeasance or written condition, under the statutes of Rhode Island respecting conveyances, and frauds, and perjuries, there could not be any relief to the plaintiffs against the assignees. The cause now came on for argument, upon the whole merits, upon the pleadings, and answer and proofs in the cause, the general replication being put in to the answer.

Mr. Whipple, for plaintiffs, cited 1 Pow. Mortg. (Rand's Ed.) 121, note; 4 Kent, Comm. (2d Ed.) 142, 143; Roach v. Cosine, 9 Wend. 227; Inhabitants of Town of Reading v. Inhabitants of Town of Weston, 8 Conn. 120; Brown v. Dean, 3 Wend. 208; Howel v. Price, 1 P. Wms. 291; Floyer v. Lavington, Id. 271.

J. L. Tillinghast, for defendant, cited, with regard to the difference between a trust to reconvey and a mortgage, Conway v. Alexander. 7 Cranch [11 U. S.] 479; Lloyd v. Inglis' Ex'rs, 1 Desaus. Eq. 333; Fitzpatrick v. Smith, Id. 341; St. John v. Benedict, 6 Johns. Ch. 111. Parol evidence cannot extend or limit what is written. 1 Phil. Ev. 423, 448; Countess of Rutland's Case, 5 Coke, 26. A contract cannot rest partly in writing and partly in parol. Parkhurst v. Van Cortlandt, 1 Johns. Ch. 282; Stackpole v. Arnold, 11 Mass. 27; [Grant v. Naylor] 4 Cranch [8 U. S.] 235; 2 Ves. Jr. 243; 6 Ves. 376; 7 Ves. 211; 13 Ves. 377; Schoales & L. 36; 4 Brown, Ch. 514.

STORY, Circuit Justice. Before proceeding to the merits of the cause it may be proper to say a few words on the pleas in bar put in by the defendant. I do not go into the particulars of these pleas, though I have no doubt, that they are all bad in substance, because, in the first place, in a court of equity, double pleading of this sort is not allowable; and in the next place, because the answer, not being special, and merely in support of the matter of the pleas, but being general, overrules the pleas, upon the settled doctrines of the court. So, that the pleas may at once be dismissed without further observation, and the cause must stand solely upon the bill, the answer, replication, and proofs in support of the averments on either side.

There is no doubt, that the defendant claims as assignee of the premises, under the releases and quitclaims stated in the bill, and by his answer he expressly so admits. The defendant also, in his answer, expressly denies, that "to his recollection or belief" he did then and there, or ever make or enter into any agreement with Westcott or the plaintiffs or Almey, that the deed should operate as a mortgage, or that the premises should be redeemable upon the payment or raising of any sum of money, &c. as stated in the bill. Now, these matters being directly and expressly charged upon the defendant in the bill, and so recent, it is not sufficient for him to deny the facts "according to his recollection or belief." To such allegations under such circumstances, he was bound to make a positive and direct denial; and a denial, according to his recollection or belief, must under such circumstances, be treated in a court of equity as a mere evasion. See Har. Ch. Prac. 181, 182; Coop. Eq. Pl. 314. The defendant also denies, according "to his recollection or belief" (but in no other manner) notice of any such agreements with Almey and Westcott, as are set up in the bill. And I must say, that this does not appear to be a matter of mere inadvertence and mistake; but in the whole structure of the answer, there is a studied choice of phraseology to escape from any direct answer to the allegations in the bill, as to an agreement on his own part, or as to any parol agreements between the plaintiffs and Almey or Westcott, to cut down the absolute conveyance to a mere mortgage.

The defence, as asserted in the answer, (for to that only can the court look, and not travel into other matters not contained in the bill or answer,) is in substance, that the plaintiffs are not, upon their own shewing, entitled to maintain their bill, because a parol agreement to turn a conveyance, which is absolute upon its face, into a mortgage, is utterly void, being contrary to the statute of frauds and perjuries, and the statute respecting conveyances in Rhode Island. If this defence fails, then it is further asserted,

that there are no sufficient proofs in the cause to establish the existence of such a parol agreement.

Let us, in the first place, consider, how the case stands upon the matter of law. The statute of frauds and perjuries of Rhode Island (Dig. 1798, p. 473), is like the English statute of frauds and perjuries (St. 29 Car. II. c. 3, § 4), and requires every contract for the sale of lands to be in writing. But nothing is better settled than, that the true construction of this statute does not exclude the enforcement of parol agreements respecting the sale of lands in cases of fraud; for, as it has been very emphatically said, that would be to make a statute purposely made to prevent frauds, the veriest instrument of frauds. See Walker v. Walker, 2 Atk. 100. The whole class of cases, in which courts of equity act in enforcing contracts for the sale of lands in cases of part performance, turns upon this general doctrine. It is laid down with great clearness and strength by my learned friend Mr. Chancellor Kent, in his Commentaries (volume 4, p. 143), and he is fully borne out by the authorities, which he has cited (which I also have examined), and also by other authorities in pari materia. He states it thus: "A deed absolute upon the face of it, and though registered as a deed, will be valid and effectual as a mortgage, as between the parties, if it was intended by them to be merely a security for a debt. And this would be the case, though the defeasance was by an agreement resting in parol; for parol evidence is admissible to show, that an absolute deed was intended as a mortgage, and that the defeasance had been omitted or destroyed by fraud or mistake." See, also, Pym v. Blackburn, 3 Ves. 38, note a; 1 Pow. Mortg. (Rand's Ed.) 120, note 2; Walker v. Walker, 2 Atk. 98, 99; Sugd. Vend. (7th Ed.) p. 103, c. 3, art. 3, § 3; Clark v. Henry, 2 Cow. 324; Slee v. President, etc., of Manhattan Co., 1 Paige, 48; Roach v. Cosine, 9 Wend. 227; Inhabitants of Town of Reading v. Inhabitants of Town of Weston, 8 Conn. 120. It is the same, if it be omitted by design, upon mutual confidence between the parties; for the violation of such an agreement would be a fraud of the most flagrant kind, originating in an open breach of trust against conscience and justice. I do not comment upon this subject at large, because it seems to me wholly unnecessary, in the present state of the law, to do more, than to enunciate the principles, which govern cases of this nature, and which are as well established as any, which govern any branch of our jurisprudence. In the present case there is no pretence to say that Almey, or Westcott, or the defendant, have ever paid to the plaintiffs the full value of the land; and, indeed, the defendant does not himself assert it, as a distinct matter of defence. So that, if the facts are fully made out, and the plaintiffs are remediless, there

will have been perpetrated a gross fraud and injustice upon the plaintiffs, and the defendant will reap the full reward of an iniquitous bargain on his side, obtained by meditated fraud and deceit. It is to be hoped, that the morals of a court of equity will at all times be found too strong, to suffer such injustice to go unredressed.

The other statute of Rhode Island, regulating conveyances of real estate (Dig. 1798, pp. 263–269), provides in substance, that all conveyances of lands and all deeds of trust and mortgage whatsoever, hereafter executed, shall be void, unless they shall be acknowledged and recorded in the manner prescribed by the act. But there is a proviso, that the same deed, between the parties and their heirs shall nevertheless be binding. This clause presupposes the conveyance to be in writing, and otherwise duly executed, except as to its acknowledgment and registration. It is intended for the protection of subsequent bona fide purchasers, for a valuable consideration without notice; and it is difficult to perceive any application whatsoever, that it has to the case before the court. It is not doubted or denied in this case, that if the present defendant were a bona fide purchaser, for a valuable consideration, without any notice of the trust or agreement set up in this case, he would be completely protected against the present claim.

There is another clause in the same statute, which provides, that, whenever any bond or defeasance or other instrument shall be executed, which shall cause any deed or other conveyance of lands to operate as a mortgage, or to pass an estate redeemable, such deed or instrument shall be recorded, and it shall not cause the deed, to which it relates, to operate as a mortgage, against any bona fide purchaser, without notice of the incumbrance. This clause admits of similar observations; and so far as it bears upon the present case, it demonstrates that notice of the incumbrance would deprive the party of his absolute title, and subject him to be deemed a mere mortgagee.

So that we may dismiss all farther consideration of the statutes set up in the defence; and proceed at once to the consideration of the facts of the case. And, here the question is, in the first place, whether the original conveyance to Almey was intentionally designed, as between the parties, to be a mortgage; and if so, whether knowledge of the facts was brought home to Westcott, at the time of his purchase; and to Luther, at the time of his purchase. Now, neither Almey nor Westcott are made parties to the bill (as with great propriety they might have been); but their depositions have been taken as witnesses in the case, in behalf of the plaintiffs. And the first objection taken by the defendant is, to the competency of their testimony. It is said, that they are both grantors, directly or me-

diately to the defendant, and that as grantors, it is not competent for them to be witnesses, to show, that the estate in them was not absolute, but a mortgage, for that would be to contradict the nature and purport of their grants.

Now, in the first place, the deeds from Almey to Westcott, and from Westcott to the defendant, are mere releases of all the right, title and interest, that they respectively had at the date of their deeds, in the premises, without any covenant of any sort or kind whatsoever. It is the case, therefore, of a naked release of all the title, which the witnesses had in the premises, not warranting that they had any title whatsoever. And they are now called upon to establish, not that they had no title in the premises; but that they had a title in mortgage only, which they did convey to the defendant, and of which he had full notice at the time of the conveyance. I confess myself utterly unable to see, under such circumstances, what ground of incompetency exists against their testimony. They have no interest whatsoever; and they are not called upon to defeat the operation of their deed; but only to state what their right, title and interest in the premises was.

The ground of objection, which seems to be relied on, is, that the witness, qua grantor, is inadmissible. But I know of no such disqualification to such an extent. I understand, that in this country it has been settled in many states, contrary to the doctrine now established in England that a party to a negotiable note or bill of exchange, shall not be admitted as a witness to show, that it was originally void. But even such a party is admissible, to establish any subsequent facts, not affecting its original validity, when he gave currency to it. But the same principle has not been applied to parties to instruments not negotiable, nor indeed to all negotiable instruments. On the contrary, in Massachusetts it has been held, that the rule (which in that state strictly excludes parties to negotiable notes and bills,) has never been applied to parties to bills of lading (see Brown v. Babcock, 3 Mass. 29; Hill v. Payson, Id. 559); or to parties to deeds, who were not otherwise interested (Inhabitants of Worcester v. Eaton, 11 Mass. 368; Hill v. Payson, 3 Mass. 559; Bridge v. Eggleston, 14 Mass. 245; Loker v. Haynes, 11 Mass. 498). It has been upon this ground held, that the grantor as well as the grantee, if not otherwise interested, is a competent witness to establish the original deed to be fraudulent. This is a much stronger case, than the present; for it goes to establish the original invalidity of the deed, and that nothing passed by it from the grantor. But I am not aware, that the doctrine of these cases has been overturned; and though I do not wish now to decide the point, I confess, that I do not perceive any well-founded objection to it.

But I have no doubt in the present case, that Almey and Westcott are competent witnesses. And if they are so, their testimony is quite decisive, to establish the merits of the plaintiff's case. There is, besides, a good deal of corroborative evidence; and it is by no means an insignificant circumstance, that the defendant claims a title merely by release; and that the consideration stated in the deed, falls so very far below that stated in the deed to Almey or Westcott, which by their own evidence was not the true consideration; and (as I have already said), it no where appears, that the value paid by the defendant for this release approached to the real value of a free and absolute title in the premises. On the contrary, the evidence establishes, that it is little more than a quarter part of the value.

The only doubt, that could be entertained in the present case, is upon the structure of the bill itself, alleging the mortgage to the Central Bank, but not making the corporation a party to the bill for a redemption and an account. It now appears, indeed, from the evidence on both sides, that that mortgage has been paid and discharged by the defendant, after an assignment thereof to some other persons; so that it is entirely extinguished. How it should have happened, that this most material fact should not have found its way into the bill, as a dispensation from making the bank or its assignees parties thereto, I do not well understand. But, as it now in fact appears, that the mortgage is extinguished, and the defendant has not put any matter of defence upon this head, it does not seem to me impracticable, for the court to grant the relief asked, without requiring an amendment of the bill in this particular.

In regard to the mortgages of the premises, by the defendant to Edmund S. Waldron, it is impossible for the court judicially to take notice of them. There is no obligation in the bill or answer, that brings them before the court; and the probata must be according to the allegata; or in other words, there can be no proofs offered of matters not put in issue. But there is another fatal objection in their way, if the technical difficulty could (which it cannot) be overcome. The first of these mortgages, given before the bill was filed, has been discharged. The second was given after the bill was filed, and pendente lite. So that neither can be properly available.

There must be a decree, declaring the premises to be redeemable, and the cause to be referred to a master, to take an account on the footing of the conveyance, as a mortgage; and upon the coming in of the master's report, a final decree will be made.

The following is a sketch of the decree, which was entered on the foregoing opinion:

This cause came on to be heard upon the bill and answer, and replication and evi-

dence in the cause, &c. On consideration, &c., It is ordered, adjudged and decreed by the court, that the said conveyance, by way of release and assignment of the premises, in the pleadings mentioned, to the said Martin Luther (the defendant,) be and hereby is declared to be, not an absolute conveyance and assignment, but a mere mortgage of the premises to the said defendant, and as such, the plaintiffs are entitled to redeem the same, upon payment of all moneys and just claims, which the said defendant hath secured to him by and in the same premises, in virtue of and under the same conveyance and assignment; and it is hereby decreed, that the plaintiffs be allowed so to redeem the same accordingly.

And it is further ordered, adjudged and decreed, that it be referred to a master for this purpose, to take an account in the premises, making all due allowances, and charging the defendant with all receipts and profits in the premises, with the usual powers of masters in such cases, to examine the parties, and to take other evidence in the premises, and to call for all proper vouchers and papers; and to make report of his doings in the premises.

And all further orders and decrees are reserved until the coming in of the master's report.