## J. & A. KING *vs.* RAY & HENSDIL.

Where the complainants' bill charged that a promissory note of the defendant R. was given to them, by him, to enable them to borrow money on it, from H. at an usurious rate of discount, without stating that the facts occurred when the defendant H. was present, or that they were within his personal knowledge; *Held* that the answer of the defendant H., that as to all those matters he was ignorant whether &c., using the words of the charge in the bill, with all the circumstances of time, place, &c., without saying, in terms, whether he had any information and belief on the subject, or stating that he could not answer the charge as to his information or belief, was insufficient, and was properly excepted to upon that ground.

It is a general rule, that as to matters not within the defendant's own knowledge, he must answer both as to his information and belief. But it is not necessary that he should say, in so many words, that he has no knowledge, information or belief, in relation to the charges in the bill. Any other expression, which amounts to the same thing, in substance, will answer.

Where a defendant denies all knowledge or information as to the facts charged in the complainant's bill, it is sufficient; although he says nothing as to his belief on the subject.

If the defendant answers that he has neither knowledge nor information as to the matters charged, except such as is derived from the statements in the bill itself, he is not bound to express his belief one way or the other.

Where the matters charged in the bill are alleged to have occurred, with divers circumstances, it is not sufficient for the defendant to answer such matters literally, denying the same upon his information or knowledge, with the attendant circumstances; but he must admit or answer the substance of each charge.

If the charge in the bill embraces several particulars, the answer of the defendant should be in the disjunctive, denying each particular charged, or admitting some and denying others, according to the facts.

THIS was an appeal, by the complainants, from an order of the vice chancellor of the seventh circuit, overruling a master's report, which had allowed several exceptions, for insufficiency, to the answer of Hensdil, one of the defendants. The object of the bill was to obtain relief against two usurious notes, the one given by the complainants to the defendant Ray, and the other given by Ray to them or their order, and endorsed by them to the defendant Hensdil, upon an usurious consideration. The matters charged in the bill, as to which these exceptions for insufficiency related, were alleged to have taken place between the complainants and Ray, without stating them to have occurred when the defendant Hensdil was present, or that they were matters within his personal knowledge. As to all these matters, Hensdil answered in the same manner; that he *was ignorant and unable to answer whether* &c., using the words of the charges, with all the circumstances of time, place, &c. as stated in the bill, without saying, in terms, whether he had any information or belief on the subject, or stating that he could not answer the charge as to his information or belief. The master allowed the exceptions in question, with some others as to which his report was submitted to. As to the allowance of the first mentioned exceptions, the respondent Hensdil ex-

King *v.* Ray.

cepted to the report; and the vice chancellor having overruled the report in that respect, the complainants appealed to the chancellor.

*H. Burdick,* for the appellants.

*J. Rhoades,* for the respondent.

THE CHANCELLOR. The general principle is well settled, that as to matters which are not within the defendant's own knowledge he must answer both as to his information and belief. True, it is not necessary that the defendant should say, in so many words, that he has no knowledge, information or belief in relation to the charge contained in the bill; but it is sufficient if he uses any other expression in the answer which necessarily amounts to the same thing, in substance. Thus in *Jones* v. *Wiggins,* (2 *Young & Jer. Exc. Rep.* 385,) where the defendant stated that he was wholly ignorant of the matters charged, and could not make any other answer thereto as to his knowledge, belief, or *otherwise,* it was held equivalent to a denial of any knowledge, information or belief on the subject. So, in the case of *Morris* v. *Parker,* (3 *John. Ch. Rep.* 297,) where the defendant denied all knowledge or information as to the facts charged in the bill, Chancellor Kent held the answer to be sufficient, although the defendant said nothing as to his belief; upon the ground that a defendant, who had no knowledge or information of the matters charged, except from what was stated in the bill, was not bound to express any belief one way or the other. And in the same case, the answer of the defendant, that he was *utterly and entirely ignorant* of the fact alleged, as to the time of issuing a commission of bankruptcy in England, was held sufficient. But the connection in which that language was found in the answer, rendered it perfectly certain that the defendant intended to deny any information as well as any knowledge of the fact charged. In *Amherst* v. *King,* (2 *Sim. & Stu.* 183,) where the defendant answered that "it might be true for any thing that he knew to the contrary, that" &c., as stated in the

bill; "but that he was an utter stranger to all and every such matters, *and could not form any belief concerning them;*" Sir John Leach considered the answer as a denial that he had any information on the subject. But in the case of *Smith* v. *Lasher,* (5 *John. Ch. Rep.* 247,) where a similar answer was put in, but leaving out the concluding clause, that the defendant could not form any belief concerning the matters charged, the answer was held to be insufficient. Chancellor Kent, in that case, says, the expression *they are strangers to the foregoing facts,* are words of doubtful import. The defendants may be strangers to the facts, and yet have information and belief in respect to them; or, they may be strangers to the facts, and have no information concerning them. So, in the present case, the words of the answer, that the defendant *is ignorant and unable to answer* whether the facts are as alleged in the bill, are words of doubtful import, and may have been intended as a mere denial of the defendant that he had any knowledge of the facts alleged. For the language used does not necessarily exclude the idea that the defendant might have had information upon the subject dehors the bill, which would enable him to form a belief as to the truth of the facts charged. If the expression had been, "that the defendant was ignorant and could not answer, *either as to his information, belief, or otherwise,* as in the case of *Jones* v. *Wiggins,* before referred to, the answer would have been sufficient, if another objection to it, which I shall hereafter notice, could have been obviated. In the recent case of *Brooks* v. *Bryan,* (1 *Story's Rep.* 297,) it was held that a defendant was bound to show the state of his mind as to his belief or disbelief of every material fact stated in the bill. And this is unquestionably so, unless the answer clearly shows that he has neither knowledge nor information on the subject.

Again; it is a substantial objection to this answer, that the defendant has answered literally as to charges in the bill which are laid to have been done with divers circumstances. For instance, that part of the answer to which the first exception relates, is in substance that the defendant is ignorant whether the complainants, on the particular day and year, and at the

place, mentioned in the bill, applied to Ray to obtain a note of a particular description, and to be discounted by the defendant at an usurious rate of interest, and that upon such application, a note was corruptly and against the form of the statute, made, and dated on the 15th of January, 1842, for the amount and payable at the time stated in the bill; and was delivered to the complainants to be taken to the defendant Hensdil, to raise money on at an unlawful rate of interest, for the benefit of the complainants, &c. This part of the answer may therefore be all true, although the defendant was fully informed of and knew every fact alleged in the bill to be true, except the immaterial one that the application was made to Ray at Lafayette, as stated in the bill. And the same objection applies to the answer to the allegations, in the bill, to which the other exceptions relate. The defendant must not merely answer the several charges in the bill literally, but he must admit or answer as to the substance of each charge; and not by way of negative pregnant, as in this case. (*Mitf. on Pl.* 250. *Welf. Eq. Pl.* 365. *Story's Eq. Pl.* 654.) And, as a general rule, where the charge in the bill embraces several particulars, the answer should be in the disjunctive; denying each particular, or admitting some and denying the others, according to the fact.

The decision of the master, allowing these exceptions to the answer for insufficiency, was therefore right; and the order appealed from is erroneous and must be reversed, with costs. The exceptions to the master's report must be overruled and the report confirmed; and the defendant Hensdil must pay the costs upon the exceptions to the answer, and upon the argument of the exceptions to the report, to be taxed. He must also put in a further answer within the twenty days allowed by the master, or within such further time as may be allowed by the court for that purpose, or, the bill may be taken as confessed against him for want of such answer.