ANSLEM B. HANCE and another *v.* JOHN RUMMING, impleaded, &c.

It is evasive in a party who has the means of information within his power, to answer that he has no information, &c., of an allegation in the complaint; and such an answer will be stricken out as sham. (*a*)

THE complaint in this action was upon a joint and several bond, executed by the defendant and others as sureties for one Cavanagh, conditioned to be void on payment, by Cavanagh, to the plaintiffs, of the amount to be recovered by the plaintiffs in a suit pending at the time of the execution of the bond, wherein the plaintiffs in this cause were parties plaintiff and Cavanagh was defendant.

The complaint, after setting out the bond and condition, alleged, " that on the 13th day of November, 1850, the plaintiffs duly recovered final judgment in said action against said Peter Cavanagh, for $2,170 19."

The defendant answered, that he had no knowledge or information sufficient to form a belief whether the plaintiffs

---

(*a*) See *Mott* v. *Burnett, post*, p. 50.

ever recovered final judgment in the said action against the said Cavanagh.

The plaintiffs moved to strike out the portion of the defendant's answer given above, and in support of the motion filed an affidavit alleging that the attorney for the defendant in this action was also attorney for Cavanagh in the action against said Cavanagh. The plaintiffs' affidavit was not denied, and an order was made, at special term, to strike out the answer as sham. From this order the defendant appealed.

*D. W. Clark* and *F. H. B. Bryan*, for the defendant.

*Clarkson N. Potter*, for the plaintiffs.

By the Court. Daly, J.—When the defendant executed the bond or undertaking on which this action is based, he knew that the suit against Cavanagh was pending. The attorney, by whom he now defends, conducted the defence in that suit, and the judgment is a public record. If he had not thus constructive notice of the judgment, he had the necessary means of information. He had but to ask *his own attorney*, when that attorney was preparing the answer for him. To permit a party so circumstanced, with every means of knowledge within his power, to answer that he has *no knowledge or information sufficient to form a belief whether the judgment was recovered*, would be to sanction a palpable evasion. The Code provides for the striking out of sham answers, and we think this can be regarded in no other light. (*a*)

Order affirmed.

(*a*) This decision accords with the former practice in chancery. See *Hall* v. *Wood*, 1 Paige, 404; *Sloane* v. *Little*, 3 Ib. 103; *Scotts* v. *Hume*, Litt. Sel. Cas. 379; *Taylor* v. *Luther*, 2 Sumn. 228.