Lewis agt. Acker & Murphy.

---

## SUPREME COURT.

WILLIAM L. LEWIS agt. ABRAHAM ACKER and EDMUND MURPHY.

A complaint which does not set forth facts sufficient to constitute a simple joint liability of the defendants, but a liability partly joint and partly and principally several, is fatally defective; and it is competent for the defendants to avail themselves of the objection in any stage of the suit—(on demurrer to the reply )

An answer by one of several defendants that the plaintiff agreed to take his pay, for work, labor, and materials claimed, in certain articles of property, which were purchased by the defendant for a sum exceeding the demand of the plaintiff, and which were delivered " as directed by the plaintiff," is a good answer, whether it can be considered a counter-claim or not.

And where such contract in the answer was denied in the reply, for two causes, first, because it was incorrect, and not a true statement of the whole transaction; and, second, because the plaintiff had not sufficient knowledge thereof to form a belief,

*Held*, that the reply was inconsistent—the second cause overruled the first. For when a man alleges that he knows nothing about the matter, his positive assertion in reference to what it was, or was not, must go for nothing.

If such inconsistent allegations could at all avail the plaintiff, they must be construed as a denial from want of sufficient knowledge or information to form a

belief. And if such form of denial is tolerated by the Code, it should not be extended beyond the limits prescribed by the court of chancery—to wit, that where acts, charged as the acts of the defendant himself, are of such a nature that he can be presumed to recollect them if ever they took place, a *positive answer* is required.

A hypothetical denial in a reply, of the performance of a contract made by the defendant himself, was never tolerated by any system of pleading.

*Kings General Term, June,* 1854.

THE complaint sets forth that the defendants are jointly indebted to the plaintiff, for work and labor done and performed, and materials furnished by him, upon and for a house owned by the defendant Murphy, for which the defendant Acker undertook and became responsible to pay the plaintiff, partly under a special contract, which is not set forth, and partly, as would seem, under an implied promise, resulting from the fact that some of the work and labor was performed, and a portion of the materials were furnished, at the joint request of the defendants.

A. JACKSON HYATT, *for plaintiff.*

JOHN REYNOLDS, *for defendant Acker.*

By the court—S. B. STRONG, Justice. Under our former system of pleading, this declaration would be radically defective, because, first, as to a principal part of the claim, it is not jointly against both defendants; and, secondly, it states that the contract was special, without setting forth what it was. The 274th section of the Code provides that judgment may be rendered against one or more of several defendants; but it has been held by Judge WILLARD, (*Murray* agt. *Gifford,* 5 *How. Pr. R.* 14,) that this does not authorize a judgment against one of several defendants sued on a joint contract. If it would, then a plaintiff might complain for a breach of one contract, and recover for the non-performance of another. Nor does it justify the union, in one charge, of incongruous claims. The Code has " said many things," but I do not think it has gone to that extent. Possibly it is too late for the defendants to ob-

ject to the omission to set forth the terms of a contract which the plaintiff admits to be special, and which creates the defendants' responsibility.   As the complaint does not set forth facts sufficient to constitute a simple joint liability of the defendants, but a liability partly joint and partly and principally several, it is fatally defective, and it is competent for the defendants to avail themselves of the objection in any stage of the suit.

The defendant Acker answers, that the plaintiff agreed to take his pay in brick from the yard of Van Cortlandt; that the said defendant accordingly purchased a quantity of brick for a sum considerably exceeding the demand of the plaintiff at the yard designated, which were delivered " as directed by the plaintiff."

This may possibly be considered to be, and I think is, a counter-claim, although it is somewhat difficult to ascertain the precise meaning of that term as defined by the Code.   The attempts of the codifiers to explain such term, resemble the argument of a celebrated English barrister, as reported by a proctor brother :—

> " Mr. Parker made that darker,
>   Which was dark enough without;
> Mr. Cook cited his book,
>   And the chancellor said, ' I doubt.' "

Whatever reason the learned chancellor may have had to doubt, I think there are as forcible causes of hesitation at the present day, to any one who has read the Code and the various decisions thereon.   Possibly the counter-claim may be objectionable as being in favor of one only of the defendants; but if so, that is the consequence of the plaintiff's improper union of claims.   However, there can be no doubt as to the sufficiency of the answer in the present case, by whatever name it may be called.

The reply, after quoting the statement in the answer as to the contract for payment in brick, and its performance, says, that it is so incorrect, " and not being a true statement of the whole transaction," the plaintiff denies the same; and further,

that the plaintiff has not sufficient knowledge or information thereof to form a belief, and he therefore denies the same, and each allegation therein made ; that the plaintiff also denies that the brick mentioned in the defendants' answer, or any part thereof, were ever delivered to him, or that he ever received any part of them ; and he adds, that if he ever contracted, as defendant Acker alleges, the contract was broken by that defendant, and was consequently void, and of no effect.

To this reply the defendant Acker demurred.

The contract set forth in the answer is denied in the reply, for two causes : first, because it is incorrect, and not a true statement of the whole transaction ; and, secondly, because the plaintiff has not sufficient knowledge thereof to form a belief. There is in this an apparent inconsistency, to say the least of it. The plaintiff first denies that the contract is as stated in the answer in positive terms, and then says that he has not sufficient knowledge or information to form a belief as to what he has thus denied. The reason last assigned certainly overrules the first ; for when a man alleges that he knows nothing about the matter, his positive assertion, in reference to what it was or was not, must go for nothing.

If, then, these two inconsistent allegations can at all avail the plaintiff, they must be construed as a denial from want of sufficient knowledge or information to form a belief. This form of denial is tolerated by some decisions under the Code, but the right to make it should not be extended beyond the limits prescribed by the court of chancery, from which it was probably borrowed. The rule in that court was, that where acts, charged as the acts of the defendant himself, are of such a nature that he can be presumed to recollect them if ever they took place, a positive answer is required. (1 *Paige,* 404 ; 3 *id.* 103 ; *Litt. Sel. Ca.* 379 ; 2 *Sumn.* 228 ; *Voorhies' Code,* 128.)

The answer alleges a verbal agreement, for the payment of work to be done by the plaintiff, to which he was a party, and that it was made in June. The year does not appear ; for, strange to say, no year is mentioned in any of the pleadings. It is inferable, however, that it was in 1852, as the suit was

instituted in October in that year. Surely, it would be a per-version of the privilege granted by the Code, to allow the plain-tiff to make a denial on the allegation of a want of sufficient knowledge or information to form a belief under such circum-stances. It would sanction a mere mockery.

But the inconsistency does not end here. The reply, after denying the contract, says, the brick mentioned in the answer were not delivered to him. What brick were mentioned in the answer? None, certainly, except those specified in the alleged contract. This, then, was an implied admission of what had been previously denied. Whatever it may be deemed, it is no answer to the averment that the brick were delivered as directed by the plaintiff. It is a mere evasion—not a denial. Then comes the allegation, that if the alleged contract was made, it was not performed. This, if it is to be considered as a separate reply,—and that is warranted by our present anomalous state of pleadings,—is in violation of a familiar rule, that you cannot deny performance of a contract without admitting the contract itself. Special pleas (and this partakes of their nature) always admit the truth of the statements, which are not thereby ex-pressly traversed. Logic, in a case circumstanced like that under consideration, teaches the same rule.

The contract set forth in the answer was made, or it was not. If it was made, then an allegation of non-performance by the defendant was essential: if it was not made, a denial was the appropriate defence, and an averment of non-performance was unnecessary and absurd. A hypothetical denial of the perform-ance of a contract, recently made by the defendant himself, was never tolerated by any system of pleading.

The judgment rendered at the special term should be affirmed, with costs.