## SHEARMAN a. THE NEW YORK CENTRAL MILLS.

*Supreme Court, Fifth District ; General Term, January,* 1855.

PLEADING BY CORPORATION.—FRIVOLOUS ANSWERS.

Complaint against a corporation on a promissory note, made by its agent. Answer: Defendant has no knowledge or information sufficient to form a belief that it did at the time, and for the purpose stated in the complaint, by its authorized agent, make its promissory note by the name and for the amount and as is in this respect set forth in said complaint.

*Held:*—I. That it is bad pleading on the part of a corporation, or of a principal, to deny knowledge of such acts of an agent as these.

II. That this question being new, the answer should not have been stricken out as frivolous, for this defect.

III. That the answer should however be stricken out as frivolous, for violating the established rules of pleading, by denying the allegations of the complaint conjunctively.

Appeal from an order striking out answer as frivolous.

This was one of three similar actions brought against the New York Central Mills. The complaints were upon promissory notes alleged to have been executed to the plaintiffs as the payees thereof, by an agent of the defendant thereto duly authorized. They contained the usual allegation of non-payment, and demand of judgment for the amount thereof; and were duly verified.

The defendants put in the following answer in each case, verified by a director of the company: "This defendant has no knowledge or information sufficient to form a belief that it did at the time, for that purpose stated in the complaint by its authorized agent, make its promissory note by the name and for the amount and as is in this respect set forth in said complaint, or that it is indebted to the said plaintiffs upon such a note as is in the said complaint mentioned."

The plaintiffs moved at chambers for judgment, under section 247 of the Code, on the ground that such an answer was frivolous. The motions were granted, and an opinion rendered, entitled in the suit brought by Thorn against the New York Central Mills, which is reported in 10 *How. Pr. R.*, 19.

Mr. Justice Bacon, before whom the motion was argued, held that the pleading was bad. That a corporation was bound to know the acts of its agents as far as it would be held that an individual must of necessity have knowledge of his performance of similar acts. That the corporation were only at liberty to answer by an explicit admission or denial of the giving of the note: or must set out specially facts showing that they had not and could not obtain the information. He therefore struck out the answer as frivolous. Appeals to the general term were taken from this decision, by the defendants. The three cases were argued on the same papers, below, and on appeal.

*M. H. Throop*, for plaintiff.

*P. Gridley*, for defendants.

PRATT, J.—I. I do not think that the answer in this case, made as it was by a corporation, was sufficient under the Code, were there no objection to it in matter of form. If a corporation may answer in this manner in one case it may in all cases. It is from its nature under the necessity of acting by agents.

If therefore it were endowed with all the faculties of a natural person, it would have no actual knowledge of any facts.

It could therefore in all cases deny knowledge or information. But a corporation is an artificial being which from its nature can have no knowledge or belief on any subject, independent of the knowledge or belief of its agents. It is a mere legal entity. It neither knows nor thinks. If therefore this method of denial on the part of the corporation in this case be correct, a corporation cannot be compelled in any case to admit or deny any allegations, even those of its own organization. It cannot be possible that the legislature intended to grant to them any such dispensation.

But, again, I do not think that a natural person·should be allowed to answer in this form, a similar complaint. The defendant is allowed to deny the allegations in the complaint, or any knowledge or information sufficient to form a belief. But when the acts are alleged to have been done by the defendant himself, it has frequently been held that he cannot answer in this form, and that such an answer may be stricken out.

And when the note, as in this case, is alleged to have been executed by an agent, duly authorized, it seems to me the case is not materially changed. The authority of the agent surely should be deemed within the knowledge of the principal. If there is any want of that, he may safely deny it. But if his authority be not questioned, the principal surely should be deemed to have knowledge or information of the facts alleged *sufficient to form a belief.* It is not sufficient to deny personal knowledge merely, but the defendant must deny all knowledge or information *sufficient to form a belief.*

Conceding the authority of the agent, therefore, the principal should be deemed to have all the knowledge which the agent possesses, at least sufficient to form a belief as to the existence or non-existence of the facts alleged. The principal must indeed have an extremely worthless agent, if the information which the latter should give him did not entitle it to sufficient consideration to base a belief upon it. It is true the agent might die or leave the country before he had communicated the fact to his principal, but in such a case this circumstance might be stated in the answer, and then it would present a case in which a denial of knowledge or information would be proper. But as a general rule, the principal should be deemed possessed of all the knowledge of the agent in the transaction of his business. It seems to me therefore that the right to answer in the form under consideration was not designed for such a case, and the rule applied to the allegations of facts on the personal knowledge of the party should be applied to cases of this kind. And if a natural person would have no right to plead in this form, still less should the right be extended to a corporation which must not only act by agents, but plead also by agents.

It was objected that the answer might be false, but it could not be deemed frivolous.

In the case of an answer by a corporation, falsehood could scarcely be predicated upon it. At least it might answer by some agent entitled to answer who was not acquainted with the facts, so that falsehood could not be charged against it. If, therefore, it cannot be deemed bad pleading, there is no remedy in such case. But I think the objection is not tenable. This form of answer was not designed by the Code for cases where the facts are charged to be in the defendant's personal knowledge, or where the defendant may be legally chargeable with knowledge. Take away therefore the sanction which the Code gives to that form of answer, and it will not be claimed that it would constitute any answer to the allegations in the complaint. It would be most palpably frivolous. I am of opinion therefore upon the simple question upon the sufficiency or insufficiency of the answer as a pleading, that it is bad.

II. But conceding the answer to be insufficient as a pleading, it by no means follows that it should have been held frivolous.

To authorize a judge at chambers to give judgment on account of the frivolousness of the pleading, it should be palpably bad. Section 247 of the Code, in my opinion, was only intended to apply to those pleadings so palpably frivolous, under the most obvious rules of pleading, as to raise the presumption that they were put in for the purpose of delay.

I have in my own practice adopted the rule observed by the late supreme court in regard to demurrers noted as frivolous. If the pleading is not so palpably bad as not to require an argument in support of the motion, I refuse to grant judgment upon it. The motion for judgment on account of the frivolousness of a pleading, is a very summary proceeding. There is no power given to the judge to allow an amendment; but the other party if successful, may perfect judgment at once. The manifest design of this provision of the Code is to prevent, under a pretence of pleading, unnecessary and vexatious delays. Hence in all cases when the question is doubtful upon the sufficiency of the pleading, or where the question presented is important, and has not been previously adjudicated, the motion should be denied, and the party left to his demurrer, or application to the court. Applying these rules to the present case, the answer could scarcely be held to be frivolous upon this point.

In the first place it comes within the words of the Code. Until therefore it be decided that the general language employed is subject to some restriction, we ought not to presume that the object of the party was delay merely. Secondly, Judge Bacon in his very able opinion, concedes that the question presented is an important one upon the construction of the Code, and that it has not yet been adjudicated by our courts. Thirdly, the counsel who argued the motion, manifestly did not deem the question a very clear one on his side, if his very able and learned, not to say lengthy argument, affords any indication of his views upon the question. It seems to me, therefore, that upon this point the answer should not have been held frivolous, and if there was no other objection to it as a pleading, judgment should not have been given for the plaintiff upon it.

III. But there is an objection to the answer, which, although it did not receive so much attention from the counsel upon the argument, strikes me as being somewhat formidable.

This method of answering is equivalent to a denial or traverse of the allegations of the complaint, and the denial of knowledge or information as to those allegations should be as explicit as a direct denial of them. Now it is one of the most familiar and elementary rules of pleading, that the pleader shall traverse the substantial allegations of the other party. It is not sufficient to deny them in the conjunctive form under all the particulars of time, place, and circumstance, but the material allegations, and they alone, should be put in issue. (*Stephens on Pleading*, 246; 1 *Chitty on Pleading*, 647; 11 *Paige*, 238; 8 *How. Pr. R.*, 159).

The answer in this case denies knowledge or information sufficient to form a belief that the defendant made its promissory note *as it is set out in said complaint*. It simply denies the making of the note under all the circumstances of time, place, and form, as stated in the complaint, thus leaving it entirely uncertain whether a material or immaterial issue was designed to be presented. This was palpably bad pleading under the old system of practice, when a very slight variance between the instrument set out and that proved, was fatal. For a much stronger reason would it be bad under the present practice when variances that would formerly have been

held fatal, are now entirely disregarded. In this respect I think the answer controverted so familiar and well settled a rule of pleading, that it was properly held frivolous.

The order at special term should therefore be affirmed.

(Decided by Hubbard, Pratt, and Bacon, J. J.)

THE CANAL BANK *a.* HARRIS.

*Supreme Court, First District; General Term, December, 1854. (Two suits between same parties).*

MOTIONS.—FIRST JUDICIAL DISTRICT.

The fair import of §401 of the Code is, that no motion shall be made in the First Judicial District in a cause in which the venue is laid in another district.

Motion to vacate executions in both suits.

The facts appear in the opinion.

MORRIS, J.—In both of these cases judgments were entered in this court, in the county of Albany, in the Fourth Judicial District. Executions on each of said judgments have been issued to the city and county of New York, the First Judicial District, where the plaintiff resides. The defendant applies to this court to set aside the executions, for irregularity, because they were issued after the expiration of five years since the entering of judgment, without first having obtained permission of the court. The plaintiffs object to the court in this district entertaining the motion, and claim that section 401 of the Code sustains them in the objection. The words rested upon are : " And no motion can be made in the First District in an action triable elsewhere." The fair import of those words is, that no motion shall be made in the First District in a cause in which the venue is laid in another district. The present is a motion in these two causes, and such motion can only be made in *the causes.* The title of the papers shows it is in these two causes, and the venue in each said cause is not in the First District.

Section 401 of the Code applies. This court should not entertain the motion. Motion to vacate execution to be made in the Fourth Judicial District.