Lawrence agt. Derby.

dict was given for the plaintiff. Judgment was entered, and execution thereon was issued. A motion was then made by the defendant to set aside the judgment and execution, on the ground that defendant was a married woman when she hired the premises in question of the plaintiff, and still remained such; that she was not, therefore, personally liable for the rent, and that no action could be maintained or judgment given against her personally. The question of coverture was not raised at the trial, nor did the fact appear at any stage of the case prior to the motion. It was conceded that defendant's husband was, and for a long time had been, absent from this state. The opposing affidavits tended to show that defendant was keeping a boarding-house on her own account, and had occupied the plaintiff's said premises for that purpose.

RICHARD BUSTEED, *for the motion.*

EDWARDS & ODELL, *opposed, cited Code*, §§ 144, 147–8;
- 4 *E. D. Smith*, 125; 2 *Duer*, 679; 21 *How.*, 309;
13 *Abb.*, 13.

BARNARD, Justice, after consideration, denied the motion, with costs.

———— •◆ ————

## NEW YORK SUPERIOR COURT.

ALBERT G. LAWRENCE agt. FREEMAN DERBY and others.

Where it is apparent, by admissions in the answer, that it is sham or false, it will be stricken out as such, although *verified.*

*Special Term, November*, 1862.

ROBERTSON, J. The complaint alleges that the writ, by virtue of which the plaintiff was arrested, was caused to be issued by the defendants. The answer alleges that they have no knowledge or information sufficient to form a belief of the allegations of the complaint not therein admit-

ted, or of either or any of them. The defendants must know whether they caused the writ to be issued. If their intervention be such as to render it doubtful whether it was causing the writ to be issued, they can state what they did, and deny that they in any other way caused it to be issued. If the facts stated show they did not cause it, a demurrer would determine it in their favor, or they would have the benefit of them, if denied and proved on the trial.

There is no such pleading as a general issue under the present system. A party is bound to verify his pleading, and if he does so, and any of his allegations are untrue, the plaintiff has a right to strike out his pleading as sham. (*The People* agt. *McCumber*, 18 *N. Y. R.*, 323.) This overrules all previous decisions to the contrary. The complaint is sworn to; there is nothing in the answer to contradict it, except the oath of one defendant, that none of them know anything about it. No additional affidavit is necessary. It is apparent, by the admission on the face of the answer, that it is sham or false.

It is not sufficient to strike out the ignoring of the allegation as to issuing the writ and leave the rest to stand, because there would be no defence left.

The answer must be stricken out as sham, with $10 costs to the plaintiff, with liberty to the defendants, within ten days, on filing and serving an affidavit of merits, to put in a new answer on stipulating to allow the date of issue to remain as it now is, and take short notice of trial.

GUNNING S. BEDFORD, JR., *for motion.*
LYON & PORTER, *opposed.*