## SUPREME COURT.

EDWARD B. BRONSON agt. THE CHICAGO, ROCK ISLAND
AND PACIFIC RAILROAD COMPANY.

In an action on a bond payable to bearer, in the possession of the plaintiff, an
answer denying any knowledge or information, sufficient to form a·belief that the
plaintiff is or is not the owner and holder thereof, is frivolous.
Allegations that the defendant was at the maturity of such bond, ignorant who was
the owner thereof, but was ready and willing to pay the same at the place of
payment named therein, set up no defense, without a tender, and bringing the
money into court.

*New York Special Term, September*, 1870.

MOTION for judgment on the answer as frivolous.

The complaint alleged that the defendant, as the successor
of the Chicago and Rock Island Railroad Company assumed
the payment of a bond issued by the latter, dated January
10th, 1852, and payable July 10th, 1870, that the plaintiff
was the owner and holder thereof, and had demanded pay-
ment *in gold* which the defendant refused.

The answer denied—1st. Delivery to the plaintiff—2d.
Any knowlege or information sufficient to form a belief that
the plaintiff was or was not the owner, and holder thereof—
3d. Presentment and demand of payment—4th. That there
was due on said bond to the plaintiff one thousand dollars
in gold. It also alleged that the defendant was, when the
bond became due, ignorant who held it, but was ready and
willing, when and where it was due and payable, to pay
it in United States notes, and that the plaintiff accepted
payment in United States notes of the interest coupon due
at the same time with the bond, and thereby consented to

the election of the defendant to pay both bond and coupon
in such notes.

SAMUEL HUNTINGTON, *for the motion.*

Cited, *Smith* agt. *Mead,* 14 *Abb.,* 262; *Flammer* agt.
*Kline,* 9 *How.,* 215; *Seeley* agt. *Engell,* 17 *Barb.,* 530;
*James* agt. *Chalmers,* 2 *Seld.,* 209; *Hepburn* agt. *Griswold,*
8 *How. U. S.,* 603; *Drake* agt. *Cockroft,* 4 *E. D., Smith* 34;
*Wolcott* agt. *Van Sanvord,* 17 *John.,* 248; *Livingston* agt.
*Harrison,* 2 *E. D. Smith,* 197; 2 *Parsons on Notes and Bills,*
624.

CHARLES TRACY, *opposed,*

Claimed to distinguish the case from *Catlin* agt. *Gunter,*
1 *Duer,* 253; *Higgins* agt. *Rockwell,* 2 *Duer,* 653; *De Santes*
agt. *Searle,* 11 *How.,* 477; *Plant* agt. *Schuyler,* 7 *Robt.,*
271; *Fleuret* agt. *Roget,* 5 *Sandf.,* 646, *and Fosdick* agt.
*Groff,* 22 *How.,* 158. He also cited *Chadwick* agt. *Booth,*
22 *How.,* 23; *S. C.* 13 *Abb.,* 249; *and Smith* agt. *Mead,* 14
*Abb.,* 253.

INGRAHAM, P. J.—The answer does not set up any valid
defense. So far as relates to willingness to pay in currency,
it is no defense without a tender, and bringing the money
into court. The other points have been decided in other
cases referred to.

Motion granted, with $10 costs.