ALEXANDER WARNER, RESPONDENT, v. THE UNITED STATES LAND AND INVESTMENT COMPANY, APPELLANT.

*Allegations in an answer, of no knowledge or information sufficient to form a belief as to certain facts alleged in the complaint, constitute a good denial*

In an action, brought to recover the face value of twenty mortgage bonds of $1,000 each, issued by the defendant, the complaint alleged, among other things, that the defendant had made default in the payment of the interest, and that on a given day, at the office of the agency of the defendant, a foreign corporation; in the city of New York, the plaintiff demanded the payment of said interest, which the defendant refused; and, further, that the defendant had made default in the payment of the interest after such application, and that such default was continued ninety days after such interest became due and was duly demanded. The plaintiff claimed that the defendant, having defaulted in the payment of the interest due thereon, that, under the option contained in the defaulting clause of the bonds, the principal thereof had become due and payable.

In its answer the defendant alleged that it had no knowledge or information sufficient to form a belief as to the averments in the fifth, seventh and eighth paragraphs of the complaint, the last two of which contained the paragraphs relating to the demand, and the default after such demand, and, therefore, denied the same.

*Held,* that such allegations of the answer constituted a denial, and that such denial was not frivolous.

*The People* v. *Field* (58 N. Y., 498); *Lawrence* v. *Derby* (24 How. Pr., 133); *Richardson* v. *Wilton* (4 Sandf., 708); *Sherman* v. *New York Central Mills* (1 Abb., 187) and *Bronson* v. *Rock Island Railway Company* (40 How., 48) distinguished.

APPEAL from a judgment in favor of the plaintiff, recovered at the New York Circuit, which was entered in the office of the clerk

of the county of New York on the 14th day of March, 1889 ; and, also, an appeal from an order, entered in the office of the clerk of the county of New York on April 11, 1889, denying the defendant's motion for a new trial made upon the minutes of the justice presiding at the trial.

*W. S. Cowles*, for the appellant.

*C. A. H. Bartlett*, for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover the face value of twenty mortgage bonds of $1,000 each issued by the defendant, the plaintiff claiming that the defendant had defaulted in the payment of the interest thereon, and that under the option contained in the defaulting clause of the bonds he had a right to claim that the principal thereof was due and payable. It was held upon the trial not only that the answer did not set up any defense, but that it did not controvert any allegation upon the part of the plaintiff necessary to a recovery, and accordingly a verdict was directed for the plaintiff, and from the judgment thereupon entered this appeal is taken. It is claimed, upon the part of the plaintiff, that the principal of the bond was due and payable. It was provided by the bond that if default should be made in payment of the interest thereon for ninety days after it became due and payable and had been duly demanded, at the option of the holder thereof, the principal sum, with all arrears of interest, should thereupon become due and payable ; and it is because of this clause of the bond that the plaintiff claims that the bond became due and payable.

It will be seen that not only must the interest become due and remain due for ninety days before the holder may exercise the option, but that ninety days must elapse after the interest has been duly demanded ; and, therefore, without proof of the fact that the interest has been demanded ninety days before the commencement of the suit, there is nothing to show that the plaintiff has a right to exercise the option to claim the whole amount of the principal and interest ; and that this is the theory upon which the complaint was framed is evident from the allegations therein contained. After alleging that

the defendant is a foreign corporation organized under the laws of the State of New Jersey, that it issued its bonds, that the plaintiff had become the holder and owner of the bonds mentioned in the complaint, and that the defendant had made default in the payment of the interest, there is an allegation that on a given day, at the office of its agency in the city of New York, the plaintiff demanded the payment of said interest, which the defendant refused; and, further, that the defendant has made default in the payment of the interest after such application, and that such default has continued ninety days after such interest became due and was duly demanded. If this allegation of demand has been put in issue, it seems to be clear that proof must be offered. It is claimed, however, that the case of the *Northampton Bank* v. *Kidder* (106 N. Y., 221), established a different proposition, namely, that when the default in the payment of interest had occurred that the condition of the bond thereby attached, and the principal by the very terms of the bond became due at once.

An examination of that case, however, shows that nothing of the kind was decided. It is true that the condition of the bond was that in case of non-payment, when demanded, of any installment of interest, and of its remaining unpaid for six months, the principal should, without further demand or notice, become due and payable. But the learned court held that, under the stipulated facts of the case, it has been stipulated that there was a default, that stipulation implied that there had been a demand and refusal, because until there had been a demand no default could occur. And they further held that, even if this were not so, it was conceded that the contribution to the sinking fund had not been made, and that default in that respect clearly entitled the holder of the bond to exercise the option. It, therefore, was necessary for the plaintiff to prove the demand in case such demand was denied.

The denial of the demand contained in the answer, it is claimed upon the part of the plaintiff, was clearly frivolous and not a denial. In the answer the defendant alleged that it had no knowledge or information sufficient to form a belief as to the averments in the fifth, seventh and eighth paragraphs of the complaint, and, therefore, denied the same. The seventh and eighth paragraphs of the complaint were the paragraphs relating to the demand and the default

after such demand. In support of the proposition that such a denial was frivolous, we are referred to various authorities, among which are the cases of the *People* v. *Field* (58 N. Y., 498); *Lawrence* v. *Derby* (24 How. Pr., 133); *Richardson* v. *Wilton* (4 Sandf., 708); *Sherman* v. *New York Central Mills* (1 Abb., 187); and *Bronson* v. *Rock Island Railroad Company* (40 How., 48). In none of those cases, however, was an answer held frivolous simply because it was upon information and belief.

In the case of *Bronson* v. *Rock Island Railroad Company*, it was held, in an action upon a bond payable to bearer in the possession of the plaintiff, that the answer, denying any knowledge or information sufficient to form a belief as to whether he was or was not the holder and owner thereof, was frivolous because it raised no issue, not because of the form of the denial. In none of the other cases was the answer held to be frivolous because of such denial, but was stricken out as sham, for the reason that in those particular cases, from the very nature of the transaction, the defendant must have had personal knowledge as to whether the allegation contained in the complaint was true. In the case of *Sherman* v. *New York Central Mills*, it is true the answer was stricken out as frivolous, but upon the ground that the denial was in the conjunctive form, and that, therefore, it was impossible to state whether there had been any material allegation in the complaint denied or not. It is also true that in the case of the *People* v. *Field*, in the opinion of the court, the remark is made in respect to the allegation contained in the answer that the defendant had no knowledge or information sufficient to form a belief as to a fact contained in the complaint, that the allegation did not specifically deny the averment as it should have done, but it subsequently appears that no such question existed in the case, because the court say the case proceeded upon the recognition, tacit or otherwise, by both parties, of the existence of the facts which were averred in the complaint in this respect. But the answer in that case was evidently different from the one now before the court, because in this answer there is a specific denial. The defendant says that it has no knowledge or information sufficient to form a belief as to those averments, and, therefore, denies the same, which last clause was evidently absent from the answer in the *People* v. *Field*. From the nature of this case,

there was nothing in the allegation contained in the complaint from which the defendant was necessarily presumed to have knowledge of the fact of this demand. It was a foreign corporation and the demand was made at its agency in the city of New York. And although individuals and corporations are presumed to be acquainted with the acts done by themselves, yet they cannot be presumed to know as to acts done by others at agencies remote from the *situs* of the corporation itself. The court, under these circumstances, was not in a condition to direct a verdict in favor of the plaintiff, as the facts had not been proven which justified him in the exercise of his option.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide event.

BRADY and DANIELS, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.