(16 Misc. Rep. 334.)

### SINGER v. EFFLER.

(City Court of Albany. March, 1896.)

1. PLEADING—ANSWER—SUFFICIENCY OF DENIAL.

Under Laws 1881, c. 414, § 2, providing that an answer may deny any "knowledge or information" of the allegations of the complaint sufficient to form a belief, a denial by defendant that he has any "knowledge" sufficient to form a belief is insufficient.

2. SAME—DENIAL OF KNOWLEDGE OR INFORMATION.

Defendant in an action for goods alleged to have been sold and delivered to himself cannot deny any knowledge or information sufficient to form a belief as to such sale and delivery, unless, from lapse of time or other circumstances, he cannot admit or deny the allegations positively, in which case he should allege such circumstances.

**3. SAME—OBJECTIONS RAISED BY DEMURRER.**
> Under Code Civ. Proc. § 2935, subd. 4, authorizing a demurrer by plaintiff in a justice court "to one or more counterclaims stated in the answer," an answer in such court is not demurrable because it improperly denied any knowledge or information as to the allegation of the complaint.

Action by Mitchell C. Singer against Charles Effler for the price of goods sold. Plaintiff demurs to the answer. Overruled.

David Muhlfelder, for plaintiff.
David J. Norton, for defendant.

MEEGAN, J. The plaintiff's verified complaint alleges that, between certain dates named, he sold and delivered to the defendant goods, wares, and merchandise, consisting of groceries, at the agreed price of $35.60, and that the terms of sale were cash, and no part has been paid. The defendant filed an answer, wherein he "denies that he has any knowledge sufficient to form a belief that at the times mentioned in his said complaint plaintiff sold and delivered to defendant goods, wares, and merchandise consisting of the value and agreed price of $35.60." The plaintiff demurred to this answer.

The first question for consideration is whether this form of answer is good pleading. The statute that regulates answers in this court provides that the answer must contain—First, a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief; and, second, a statement of any new matter constituting a defense, off-set, or counterclaim. Laws 1881, c. 414, § 2. The verification is to be in the form prescribed in courts of record. Id. § 1. These provisions give to a defendant three forms of denial: (1) An unqualified denial; but this form should not be used unless it is founded upon personal knowledge. (2) Where he has no positive knowledge, he may deny knowledge or information thereof sufficient to form a belief. (3) A denial upon information and belief. Brotherton v. Downey, 21 Hun, 436; Bennett v. Manufacturing Co., 110 N. Y. 150, 17 N. E. 669; note to Clark v. Dillon, 15 Abb. N. C. 269. The pleader sought to avail himself of the second form of denial, but he failed to follow the words of the statute, which requires a denial of any knowledge or information thereof sufficient to form a belief. He merely denies any knowledge. This is insufficient. He must not only deny all information as to the allegations of the complaint, but also all knowledge thereof. Hautemann v. Gray, 5 N. Y. Civ. Proc. 224, note; Edwards v. Lent, 8 How. Prac. 28; Heye v. Bolles, 33 How. Prac. 266; Bank v. Clarke, 22 Wkly. Dig. 569.

Another thought suggests itself—can a defendant be permitted to avail himself of this form of denial where the complaint charges the sale and delivery of goods to himself, at his request? The general rule is that this cannot be done. Lewis v. Acker, 11 How. Prac. 163; Richardson v. Wilton, 4 Sandf. 708; Byrne v. Benton, 3 Month. Law. Bul. 100; Fallon v. Durant, 60 How. Prac. 178; Lawrence v. Derby, 24 How. Prac. 133; Austen v. Telephone Co.,

8 Misc. Rep. 11, 28 N. Y. Supp. 77. See Warner v. Investment Co., 53 Hun, 312, 6 N. Y. Supp. 411; Sheldon v. Heaton, 78 Hun, 50, 29 N. Y. Supp. 275. See cases cited in Sherman v. Boehm, 7 N. Y. Civ. Proc. 34, note; and 2 Wait, Prac. 423. If, from lapse of time or other circumstance, he cannot admit or deny the allegations positively, he should set up such circumstances, either in his answer or verification. Richardson v. Wilton, supra. Whether, if such an answer is made on information and belief, it would be a good denial, see Macauley v. Printing Co., 14 Abb. N. C. 316, and cases cited.

I must hold that the denial in the answer is not good pleading, and raises no issue. But is such a denial subject of a demurrer? I think not. Nichols v. Lumpkin, 20 N. Y. Wkly. Dig. 367. There can be no demurrer, except where it is a case specified in the Code. Marie v. Garrison, 83 N. Y. 14. In this court the Code only authorizes a demurrer by the plaintiff "to one or more counterclaims stated in the answer." Code Civ. Proc. § 2935, subd. 4. Demurrer, therefore, is not the appropriate remedy, and it must be overruled.

Demurrer overruled.