Curia.

In the trial of this cause, the judges rejected Hunting as a witness; and whether he was a competent witness [ * 28 ] * is the question now for the decision of the Court. The general objections to the competency of a witness arise either from infamy or interest. There is no imputation on Hunting’s character; and the defendant’s release discharges him from all interest in the event of this suit.
In actions on negotiable securities, an objection lies against a party to the security being received as a witness. And this objection is supported by the case of Walton vs. Shelley (1). A majority of the judges, in the case of Jordaine vs. Lashbrooke & Al. (2), deny that case to be law. But it appears from the case of Hart vs. M’Intosh (3), that the judges of Common Pleas adhered to the principle established in Walton vs. Shelley. This Court, soon after that case, adopted a similar rule, and similar decisions have been conformed to it. The sound reason, upon which the principle has been established in this Court, arises from the injury to the public, if a negotiable security might be destroyed by the testimony of a man who had given it currency. The law will not permit him to testify that, by holding out a credit to the world, he had put into circulation a void security. The limitation of the rule clearly results from the reason of it. A party to the instrument shall not be a witness to prove that, at the time he gave it currency, it was void. But to any facts happening afterwards he may (if not interested) be permitted to testify.
In this case, Hunting is offered to prove that, after the negotiation of the note to the plaintiff", and before it was payable, he paid the plaintiff fifty dollars, and gave him his note for the balance. These are facts which are consistent with the good faith of the witness His testimony would establish the validity of the note, when the plaintiff received it, and would not destroy it; and as he had no *25 interest in the event of the suit, he ought to have been received as a competent witness. The verdict therefore must be set aside, and a new trial granted.
L. Richardson, for the plaintiff.
B, Whitman, for the defendant (4).

 1 Term R. 30

 v Term R. 601.

 1 Esp. Rep. 208