HARRISON.
November 1818

Bank of
St. Clairsville
*v.*
Glasener.

---

## HARRISON COUNTY—NOVEMBER TERM, 1818.

PRESENT—TAPPAN, *President;* ROBERTS AND BOYD, *Associates.*

## BANK OF ST. CLAIRSVILLE vs. GLASENER.

**In an action by the endorsee against the maker of a promissory note, the endorser is not a competent witness to prove the hand writing of the maker.**

ASSUMPSIT, BY THE ENDORSEE AGAINST THE MAKER OF A PROMISSORY NOTE.

PLEA—Non-assumpsit.

This was a suit brought on a note of hand charged to have been made by the defendant, payable at the bank of St. Clairsville to John Stoakes or order, and endorsed by Stoakes.

HAMMOND for the plaintiff, called Stoakes to prove the execution of the note by the defendant. BEEBE for the defendant, objected to his being sworn, and insisted on his being clearly incompetent.

PRESIDENT.—Supposing this note to have been made by the defendant and endorsed by Stoakes, the plaintiff has a right to recover the amount of it of either, but not both of them. The endorser is liable to the endorsee, the maker to both. If the endorser can be called as a witness against the maker to prove his execution of the note, he accelerates a recovery against him, and, by so doing, lessens if he does not wholly remove his actual liability to pay—he is then immediately interested in the plaintiff's succeeding in the suit: it is indirectly

his own suit: it is an interest, however, which the <span>HARRISON.<br>November 1818</span> plaintiff can release; and, unless he does so, the witness cannot be examined. With this opinion, agree the <span>Francis<br>v.<br>Thompson</span> cases of Barnes vs. Ball, 1st Mass. Rep. 73, and Rice vs. Stearns, 3d Mass. Rep. 225. I do not know of any other case in which the question has been directly decided. The cases in which endorsers have been admitted to prove facts subsequent to the execution of the note, to destroy the holder's remedy against the maker (Baker vs. Arnold, 1 Caines' Rep. 258, Woodhull vs. Holmes, 10 Johns 231, Warren vs. Merry, 3 Mass. 27, Baker vs. Prentiss, 6 Mass. 430, Parker vs. Hanson, 7th Mass. 470, Webb vs. Danforth 1 Day 301, and Birt vs. Kirshaw, 2d East 458) are not inconsistent with this rule; for, in destroying the endorsee's remedy against the maker, they do not impair it against themselves; but, in giving such evidence, they swear against their own interest, inasmuch as, by enabling the maker to avoid payment, they leave themselves solely responsible. These cases are, therefore, decided on principles opposite to those which govern this. Interest in the event, renders a person incompetent, unless where a person is willing to testify against his interest. The case of Walton vs. Shelly, 1 D. and East. 300, does not go on the ground of interest, but of public policy—it does not, therefore apply here; besides, it is not sought, by the introduction of this witness, to invalidate the note but to support it. Plaintiff suffered a nonsuit.