HAMILTON THORNTON *vs.* ALEXANDER MCNEILL.

Where two partners refer matters in dispute to a mutual friend, to make what was supposed to be a final settlement between them of matters growing out of their copartnership; *held*, that such settlement cannot be considered sufficient to protect a party in rights acquired through fraud or mistake; the only effect it can have, will be to require the party injured to show the mistake by clear and satisfactory proof, or other matters which, at the time, could not be finally adjusted.

In this case it does not appear that the question, in relation to the purchase of the quarter section of land at tax sale, was a partnership matter. *Held*, the decision of the court was erroneous, and the exception to the report of the commissioner ought to have been sustained.

ON appeal from the northern district vice-chancery court at Holly Springs; Hon. Henry Dickinson, vice-chancellor.

The bill charges, that complainant and defendant, in the year 1836, purchased land and negroes, for the purpose of carrying on a farm, in copartnership; that the purchase was made at the sum of $22,000; that the parties' executed their four several bonds, at one, two, three, and four years, for $5500 each, and executed a mortgage on the property purchased to secure the payments, as they fell due; that the farm was carried on for two years, the partnership dissolved first year, 1838; that on the dissolution, complainant bought the interest of defend-

ant in the land at $4000, of which, $2000 were to be paid and were paid, on the two remaining bonds for the purchase, and $2000 to defendant; that at the time of dissolution, the sum of $11,000 was due from them on the original purchase, besides other debts; that the debts due to the firm were to be applied to the extinguishment of these liabilities; that these debts were paid off by complainant; that of the debts due the firm, there were two notes on John H. Moss and —— Mahaffy, security, due 1st January, 1839 and 1840, for $3500 each, the first of which was collected, and that the second note on Moss was a loss or nearly so, by the insolvency of Moss and Mahaffy; that before the filing of the bill, both Moss and Mahaffy died insolvent; that the last note of $3500 was a total loss, with the exception of some small credits; that the complainant was at great expense and trouble in attempting to collect the Moss debt, and subjected to many and harassing law suits growing out of the indebtedness of the firm, all of which fell upon complainant, defendant having removed to Mississippi; that Moss also moved to Mississippi in 1839 or 1840, and that in attempting to subject Moss' negroes to the payment of the debts, complainant was harassed by suits against him, by Moss, both criminal and civil. The bill files an exhibit, being an account showing a balance due complainant at that date, of $4981.23, the one half of which ($2490.62) is properly chargeable to defendant, besides costs and expense of suits. The bill charges, that complainant did all in his power to wind up the business with advantage to the firm, and that respondent refused to do any thing, or aid complainant in the collection of the debt from Moss, and prays for an answer, an account and general relief. The original purchase was made from one Tresvant, and the notes and mortgage given to secure the payment were transferred by Tresvant to Wyatt.

The answer admits the original purchase, as stated, except that defendant says $25,000 was the price, and that he paid $3000 out of his own funds at the time; admits the dissolution, but contends that at that time all copartnership accounts were settled up, and that respondent made provision for his

part of the sum due from the firm. In short, the answer denies all the material allegations of the bill, and insists that respondent is not indebted to complainant.

*Watson, Craft & Stearns,* for appellant.

*T. J. Word,* for appellee.

Mr. Justice FISHER delivered the opinion of the court.

In 1836, the complainant and defendant became copartners in a certain plantation and slaves. About the close of the year 1837, the parties disagreeing, dissolved the copartnership, and made, through the instrumentality of a mutual friend, what was supposed to be a final settlement of all matters of dispute growing out of the copartnership. It is now insisted on the part of the defendant below, that this settlement constitutes a bar to the relief sought by the complainant. While this position may be correct as a general rule, it cannot be considered sufficient to protect a party in rights acquired through fraud or mistake. The only effect it can have in the present controversy, will be to require the complainant by clear and satisfactory proof to show either the mistake, or matters which could not at the time be finally adjusted. It is clear from the proof, that the settlement was only complete so far as it related to a division of the property. As to debts due the copartnership and debts to be paid, the testimony shows that there was no final settlement.

There are only two questions important to be noticed, and they are, Whether the account taken by the commissioner is sustained by sufficient evidence, and whether it contains any item or items improperly charged to the complainant. As to the first question, upon a careful examination of the testimony we are of opinion that the account is fully sustained by the proof; and as to the second question, we are of opinion that the charge against the complainant for $375, for one half of the value of a quarter section of land, by complainant purchased at a tax sale, is erroneous. It does not appear that this purchase was in any manner connected with the copartnership

debts or business. This exception to the report of the commissioner should have been sustained. Striking this item from the account, the amount for which complainant will be entitled to a decree will then appear. For this cause the decree will be reversed. As the case is before us on cross-appeal of both parties, and the reversal being in favor of the complainant below, the defendant below will be taxed with the costs in this court, in the same manner as if said decree had been affirmed.

Decree reversed, and cause remanded.