A. E. Foxworth, Admr., etc., *v.* Elisha, Mary, and Edward Magee.

1. Married women—Contracts.—A married woman can make no valid contracts except those authorized by the statute.

2. Same—Separate property—Debts of husband.—Under the statute a married woman may mortgage her lands for the separate debts of her husband to the extent of the income therefrom.

3. Same—Promissory note.—A married woman can set up her coverture in bar of a recovery at law on her promissory note.

4. Same—Commercial firm.—A married woman is incapable of becoming a member of a commercial firm and incurring the responsibilities of a merchant and trader.

5. Same—Mortgage of income of land for husband's debt.—A note was subscribed by E. M. & Co. (of which firm M. was a member), and by E. M., her husband; a mortgage, conditioned that M. should pay the note at maturity, was executed by E. M. and M.; the mortgage was on several parcels of land, some of which were the separate property of M.; to a bill to foreclose the mortgage she pleaded coverture. *Held:* The plea was bad because the note was good as the separate debt of her husband, and she could mortgage her land to the extent of the income for the separate debts of her husband.

Appeal from the chancery court of Marion county. Mc-Millan, J.

The facts appear in the opinion of the court.

Assignment of errors:

1st. The court erred in sustaining the plea of coverture as to all the mortgaged land, when the plea itself only set up that the *feme covert* owned a part of the land.

2d. The court erred in not having decreed a foreclosure as to the lands not set up in the plea of coverture, and in not having appointed a receiver to take possession of the mortgaged premises claimed as the separate property of the *feme covert*, and in not having condemned the rents, profits and income of the property of the *feme covert* to be applied to the satisfaction of the debt.

*Bentonville Taylor*, for appellant.

Under the act of 1846, it has repeatedly been held by this court, that a wife might mortgage her separate lands as security for her husband.

The wife, though she mortgaged 840 acres, yet she plead only as to 400 acres, and thus interposed no plea in bar of a foreclosure of the lands embraced in sections 18, 25, and 36 ; therefore, the court should not have dismissed the bill, but should have rendered a decree against her, for the principle and interest of the note, and costs of suit, and have condemned the lands in sections 25 and 36, township 3, range 3 east, to be sold; and as to the lands claimed as her separate property, the court should have (under the prayer for general relief), appointed a receiver to take possession of the same, and rent out the same, annually, to the highest bidder for cash, and to receive her income from all sources, and apply the same in liquidation of the money decree.

*J. B. Chrisman*, for appellees.

This is a case in which the husband borrowed money for himself and another, and his wife undertook to secure its payment by a mortgage of her separate property.

The bill is filed for strict foreclosure. The prayer is, that defendants, including the married woman, be barred of all equity of redemption, etc. In other words, its prayer is for sale of the fee to pay the debt.

The complainant deliberately rested his case on this application. The prayer is not even, as is usual, in the alternative or disjunctive.

If the court could not grant the prayer, the bill was properly dismissed, when the complainant refused to plead further, which he did.

A married woman has no power to make such a contract as this—a contract involving the sale of her property on default of payment by her husband, of his debt. She may incumber her separate estate to the extent of the rents and profits, but that is not the contract here. Rents and profits are not the subject of controversy. None are shown to exist. The complainant seeks no relief in that direction. He seeks an enforcement of the contract according to the letter, and refused to plead, so as to meet any other aspect of the case, if any other could be reached under this contract of the *feme covert.*

Under the pleadings as they stood when the complainant refused to plead further, the bill was properly dismissed as to Mrs. Magee, and we ask affirmance of the judgment.

SIMRALL, J.:

A bill in chancery was exhibited by Foxworth, administrator, etc., of Jas. A. Jordan, deceased, against Elisha, Mary, and Edward Magee, to foreclose a mortgage. After demurrer to the bill had been overruled, Mary Magee (assisted, for conformity, by her husband, Elisha), plead in bar, of the foreclosure (as to part of the lands set out in the plea), that she was a married woman at the date of the execution of the mortgage and note, and owner as of her own separate property of part of the lands. The chancellor held the plea to be insufficient in law, and upon the complainants declining to answer over, dismissed the bill as to her and her separate property.

The mortgage was executed by Elisha Magee and Mary, his wife, conditioned that the wife would pay the note at its maturity, which was subscribed by Edward Magee & Co. (of which firm, the said Mary was a member), and by Elisha Magee.

After a very careful review of the cases, in Whitworth et

al. v. Carter, administrator, MS. opinion, it was deduced, as the principle settled by them, that a married woman could make only such contracts as were authorized by the statutes· The precise question adjudged in that case, was, that she imposed no legal liability on herself or her separate property, by a writing obligatory, given for property bought on a credit, whilst the other obligors were or might be bound. The same principle has been declared in subsequent cases. Although Mrs. Mary Magee, could set up her coverture in bar of a recovery at law upon the note; and indeed, was incapable of becoming a member of a commercial firm, and of incurring the responsibilities of a merchant and trader; she, nevertheless, had the power to mortgage her separate property, as security for her husband's debt. In Sessions and wife v. Bacon et al., 23 Miss., 283, which arose under the act of 1839, it was held that a mortgage of the wife's property was good, because she had the power under the statute to "convey," and if she could make an absolute transfer, she could make a conditional one. In Russ v. Wingate, 30 Miss., 445, the husband and wife joined in the note and mortgage; the note was admitted to be void as to the wife, but was valid as to the husband. The court add, "If the notes were obligatory upon the husband, it was incompetent for the wife to unite with him in a mortgage of her separate property to secure them; this case came up under the act of 1846. In James v. Fisk, 9 S. & M., the indebtedness of the husband was renewed by notes of the husband and wife, and a mortgage on her property, which was held to be binding. Mary Magee was not bound on this note, signed by the firm of which she was a member. All the cases hold, that the responsibility of the wife is created, not by signing the notes, but by the power which she has to convey her property, conferred by the statute, or the deed of settlement under which her estate is held.

The Revised Code, 336, article 23, is restrictive of the wife's power of mortgaging her property as derived from former statutes. "No conveyance or incumbrance, for the separate

debts of the husband, shall be binding on the wife, beyond the amount of her income." In so far as the wife's property is embraced in this mortgage, the incumbrance reaches only to the extent of the income. The fee is no further involved, than as it may be necessary to contract it, in order to employ the income, to the satisfaction of the debt. The note being, as to the wife, of no validity, it still remains, however, the debt of the husband, and the legal effect of the mortgage is to pledge the wife's separate estate, to the extent included in it, for the debt of her husband. The other lands if they belong to the husband, are of course subject to the debt. We are of the opinion, therefore, that the separate parcels of land described in the plea, are liable to the debt to the extent of the income; and that the complainant was entitled to this measure of relief, against Mrs. Magee, and the bill ought not to have been dismissed as to her, or her separate property. For this error, the decree of the chancellor is reversed, and the cause remanded for further proceedings.