CELESTE MHOON et al. vs. J. J. COLMENT.

1. HUSBAND AND WIFE: *Judgments against married woman. Liability of husband. Practice.*
    The formal joinder of a husband in a suit against the wife for her debt, does not warrant a judgment against the husband, in the absence of any promise or understanding on his part.

2. PRACTICE: *Bills of exceptions.*
    The action of a court upon the competency of evidence cannot be considered unless the testimony offered is set forth in the record. ;

3. SAME:
    On motion to enter judgment of affirmance as to Mrs. Mhoon, and reversal as to Mr. Mhoon.

    Per SIMRALL, J.

4. COMMON LAW STATUTES: *Judgments in suits on joint and several contracts.*
    By the common law, in all suits upon joint and several contracts, whenever the judgment was erroneous as to one defendant, it was so as to all. Such is the law now, except in so far as it is changed by the code, secs. 2237 to 2241 inclusive. Under this statute, the right to render a judgment against one or more, and grant a new trial as to others, applies only to suits on "promissory notes and bills of exchange."

5. SAME: SAME.
    In all other suits upon joint and several contracts, except upon "notes" and "bills of exchange," a judgment erroneous as to one, is erroneous as to all.

ERROR to the Circuit Court of *Lowndes* County.

Hon. J. A. ORR, Judge.

Defendant in error brought suit in the circuit court of Lowndes county, against the plaintiff in error, in assumpsit, for $600. The first count in the declaration avers that the said J. J. Mhoon, with the consent of his wife, purchased from plaintiff, for the use, benefit and improvement of the estate of his said wife, plaintiff's entire interest in the stock, house, furniture, gardening materials, farming materials, fruit trees and shrubbery in the plantation and commercial gardening business, jointly carried on between the parties, for which they agreed to pay $600. The second count is for money had and received. The third count is for goods and chattels sold and delivered for the improvement of the separate estate of the wife. Defendants pleaded the general issue, and gave notice that they would offer in evidence, failure of consideration, illegal consideration, want of consideration, fraud and payment; which plea, by leave, was withdrawn, and a demurrer was filed, upon the ground:

1. Because the first count shows no cause of action.

2. Because the second count shows that the improvements were for the use of the separate estate of the wife, C. A. Mhoon, and yet it seeks payment of J. J. Mhoon.

4. And for other reasons, etc.

And to the second count, because:

1. It shows no cause of action against defendants.

2. It seeks to subject the separate estate of a married woman, without showing a contract that a married woman is authorized to make.

3. It seeks to subject J. J. Mhoon to the payment of a debt of his wife, and without alleging that she had no separate property, etc.

4. And for other causes.

5. It is repugnant to the first count, and to the third count, because: 1. It does not aver the character of goods and chattels sold and delivered. 2. It does not specify the materials fur-

nished.   3. It seeks to hold a married woman liable for money lent, had and received.   4. It does not show whether the account is open or stated.   5. It is vague and uncertain.   6. It shows no cause of action.

The demurrer was overruled, and the defendants filed their pleas.

On the trial the court refused to admit, as evidence, the articles of partnership between the parties.

At the instance of plaintiff, the court charged the jury:

1. If the jury believe from the evidence that J. J. Mhoon, by and with the consent of his wife, C. A. Mhoon, did, on or about the month of April, 1870, agree to pay J. J. Colment, $600 for certain fruit trees and improvements put by said Colment, during the years 1869 and 1870, on her separate estate, then they may find a verdict against her for so much of said sum as may be due and unpaid.

2. If the jury believe from the evidence that J. J. Mhoon, in April, 1870, agreed to pay J. J. Colment $600 for certain fruit trees and improvements put upon the separate estate of his wife, at the instance and request of the said Mhoon, and that the said sum is due and still unpaid, then they may find a verdict for plaintiff against said Mhoon, individually, deducting any just offset proven to be due J. J. Mhoon by Colment, and returning a verdict for the balance.

4. That an open account, under the laws of this state, is barred after the expiration of three years from the time the same became due, and if the jury believe from the evidence that J. J. Mhoon, individually, and in his own right, bought out the interest of J. J. Colment in the firm of J. J. Colment & Co., and agreed to pay $600 therefor, they cannot allow any offset by open account claimed by Mhoon, against the purchas money unpaid, which was due more than three years before the commencement of this suit, unless there was a subsequent promise in writing to pay the same.

5. *Falsus in uno, falsus in omnibus*, is a well established doctrine of the law, and if the jury believe, from the evidence, that

any witness in this cause has wilfully sworn falsely to any mate-
rial fact in this case, the jury should disregard his evidence alto-
gether.

The jury found for the plaintiff in the court below, and the
case comes to this court on writ of error.

The following errors are assigned:

1. The court erred in overruling the demurrer filed by defend-
ants to the declaration.

2. In not permitting defendants to introduce as evidence, the
articles of copartnership made and entered into between the parties.

3. The court erred in giving the 1st, 2d, 3d, 4th and 5th in-
structions asked by plaintiff.

4. The court erred in entering up a judgment against both
defendants.

5. The court erred in overruling defendants' motion for a new
trial.

*Leigh & Evans*, for plaintiffs in error, filed a brief and argu-
ment.

*Harris & George*, for defendant in error, filed a brief and argu-
ment.


TARBELL, J., delivered the opinion of the court.

Assumpsit against husband and wife. The action is for the
recovery of $600 for the work and labor, and supplies and im-
provements done, performed, supplied and made by Colment,
upon, for the benefit, and use of the separate estate of the wife.
The husband was found to charge him upon his promise, and not
for mere conformity. There was a verdict and judgment for
plaintiff against both defendants. A motion for a new trial was
overruled, and thereupon a writ of error. Numerous errors are
assigned, some of which only it is deemed necessary to notice. It
was stated in evidence, without objection, that Colment and Mrs.
Mhoon were copartners in the gardening and fruit business, on
the plantation of the latter; that this partnership was dissolved
by mutual agreement; that for the work and labor of Colment,

and for improvements and fruit trees placed by him upon the estate of Mrs. Mhoon, she agreed to pay him $600 ; that this agreement of dissolution and promise was reduced to writing, but never signed, and that Colment, in pursuance of the dissolution, wholly left Mrs. Mhoon's place, and turned the improvements and fruit trees over to her. On failure to pay the $600 this suit was brought. Upon the trial, the defendants offered in evidence the written articles of copartnership. This was objected to by plaintiff, and rejected by the court. Neither the purpose of the offer, nor the reasons of its rejection are given. Although this action of the court is assigned for error, it cannot be considered, because the contract is not contained in the record on bill of exceptions. Rogers v. M'Daniel, 3 How., 172.

The materiality of the contract of copartnership is not, therefore, apparent. Indeed, upon the record, it would seem to be immaterial. If invalid, under the ruling in Foxworth v. Magee, 44 Miss., 430, because of the coverture of Mrs. Mhoon, the evidence was properly rejected on that ground ; but if valid, as in Allen v. Johnson, 48 Miss, 413, though the two cases are unlike in their facts, the contract was abandoned and the partnership was dissolved by agreement and acts of the parties. And for the interest of Colment, and for the work and labor done and improvements made by him upon the separate estate of Mrs. Mhoon, she promised to pay him $600. The rejection of the articles of copartnership is not shown to be error.

The power of the husband to charge himself for the debt of the wife, she having a separate estate, Code of 1857, art. 25, p. 336, is discussed by the respective counsel ; but this question does not arise for the reason that the record furnishes no evidence of any promise or undertaking on the part of Mr. Mhoon to answer for the debt involved in this action. For this, the verdict cannot be sustained.

It is suggested by counsel that this court may reverse as to the husband, and affirm as to the wife, or may reverse as to both, and judgment here against the wife. Code of 1857, p. 508, art. 181 ; id., art. 11, p. 563.

Holman *v.* Murdock, 34 Miss., 275, is cited in support of the proposition to reverse as to one, and affirm as to the other. That was against the maker and indorser of a bill single, and the action of the court was expressly authorized by the Code of 1857, p. 357, art. 15. The provisions of the Code, p. 508, art. 181, id., p. 509, arts. 186, 187, and id., p. 563, art. 11, are not considered as authorizing the course suggested at law, though it would be followed in equity. Calhoun *v.* Burnett, 40 Miss., 599. In Partee and wife *v.* Silliman, 44 Miss., 272, the husband was joined in action at law against the wife for conformity, only, under the Code of 1857, art. 26, p. 336. No claim was made against the husband and the record disclosed that he was joined as a matter of form merely.

In the case at bar, the verdict and judgment are general against both defendants in the action, and the declaration seeks to charge the husband on his promise.

Under these circumstances, it is understood to be necessary in accordance with the code and the adjudications of this court, to reverse and remand the cause.

As far as can be discovered, the sole question in the case is as to the liability of Mrs. Mhoon, of which, apparently, there is no serious dispute. Narrowed to this, the contest is quite simple. Code of 1857, art. 25, p. 336 ; Clopton *v.* Matheny, 48 Miss, 285 ; Bonaffee *v.* Fenner, 6 S. & M., 212; Murdock *v.* Martin, 12 id., 660`; Thornton *v.* McNeill, 23 Miss., 369 ; Sturges *v.* Swift, 32 id., 239 ; Anderson *v.* Robertson, id., 241 ; Hunt *v.* Morris, 44 id., 314 ; Hardin *v.* Pelan, 41 id., 112 ; Robertson *v.* Bruner, 24 id., 242 ; Whitworth *v.* Carter, 43 id., 61 ; Dunbar *v.* Meyer, id., 679 ; and, on another trial, will be readily adjusted.

Judgment reversed and cause remanded.

A motion was made to enter up judgment against Mrs. Mhoon, and to grant a new trial as to Mr. Mhoon, upon which

SIMRALL, J., delivered the opinion of the court.
It is conceded that at common law the contract sued upon is

not joint and several, and that the improper joinder might have been taken advantage of on the trial, on the ground that the contract proved, varied from that averred. It is said however that § 2236, Code 1871, abrogates the common law. It does so far as remedy is concerned, by allowing suit against one or more of the parties jointly liable. If, therefore, the promise in this case were joint and several it might be declared on as several. The succeeding sections, 2237 to 2241 inclusive, regulate suits founded on "bills of exchange and promissory notes," and allow verdict for some, and against others, and " new trials shall be granted only as to such defendants as are aggrieved by the verdict, and final judgment shall be entered against the other defendants pursuant to the verdict." It is only by virtue of the statute that the verdict, if erroneous, is not so as to all. The policy of this statute is, that all the parties to promissory notes and bills of exchange, resident in this state, must be sued in one action. But that suit shall be tried as a separate action against each, so that, if the verdict is right against the maker or acceptor, but wrong against the indorser or drawer, the verdict shall stand against the former, but shall be set aside, and a new trial awarded, as to the latter.

The liabilities of the several parties to such contract are distinct, dependent on different conditions. There is manifest propriety, therefore, in providing that a correct result of the trial as to one of them, shall not be vitiated by an erroneous finding as to another. The allowance of verdict and judgment as to one or more, and a new trial as to others, is purely statutory, and only applies to parties to "promissory notes" and "bills of exchange;" as to other contracts they may be, under § 2236, joint and several, and sued upon as such, but the verdict is not good as to one, and bad as to another, nor will a verdict against two, justify a judgment against one, and new trial as to the other. Davis v. Tiernan, 2 How., 805; Prewett v. Caruthers, 7 How., 304.

The last case was decided prior to the statute of 1857, which is the original of sections 2237 to 2241 of the code. There has been

from the earliest times, in this state, a statute making joint bonds, bills and promissory notes, both joint and several.

In the statute of June 22, 1822, compiled from previous acts, is the provision " that every joint bond, bill or promissory note shall be deemed in law, to be joint and several," etc.   Hut. Code, sec. 26, p. 837.

The plaintiff had his election in his suit to proceed against the parties thereto, jointly or severally.   But if he proceed against two makers of a promissory note, he must make a proper disposition of the case as to both of them.

It would be irregular to take final judgment against part of the defendants without disposing of the cause against the others. 7 How., 304, *supra.*

The difficulty in this case is, that the defendant alleged a joint promise but failed to prove it as laid.

If it had been shown in evidence that the promise was joint, then the statute, section 2236, would have operated upon it, and made it several also.   The defendants in the state of the proof, might successfully have insisted on the trial that the plaintiff had not proved the promise counted upon, and therefore could not recover.

There was a variance between the contract proved and that alleged.   The objection would have forced the plaintiff to have amended his declaration so as to have described the promise as the single act of Mrs. Mhoon, or to have submitted to a verdict against him.

If the proof had conformed to the allegation, and for any cause the verdict ought not to stand against Mr. Mhoon, there would be plausibility, in an application in this court for a judgment on the verdict against Mrs. Mhoon, and a new trial awarded as to the other defendant.   Such proceedings might be argued to be within the equity of section 2237, *et seq.*   But the answer to that is, that such disposition of the case is not warranted at the common law, and the statute only applies to the written contracts specifically named.

---

---

As to judgment, we can only render such as the circuit court ought to have pronounced.

If that court could not enter judgment on the verdict against Mrs. Mhoon, and award a new trial as to the other defendant, this court cannot. Such action is not allowed at the common law, and we have no statute which permits it.

The consideration of this case suggests the entire propriety of extending section 2237 to all joint contracts. So that there may be judgment on the verdict as to one, and a new trial as to another in proper cases.

Motion denied.